UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **BRENT W. EVANS** | * | **CIVIL ACTION NO.  08-1698** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT & RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits.  The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED for further proceedings.**

### Background & Procedural History

Brent W. Evans filed the instant application for Title XVI Supplemental Security Income payments on April 24, 2006. (Tr. 64-66).  He alleged disability since May 15, 2003, due to Klinefelter Syndrome, dyslexia, fragile skeletal system, auditory processing disorder, anxiety, and long-term memory deficit.  (Tr. 67-68).  The claim was denied at the initial stage of the administrative process.  (Tr. 38, 54-57).  Thereafter, Evans requested and received an August 20, 2007, hearing before an Administrative Law Judge ("ALJ").  (Tr. 159-185).  However, in a November 20, 2007, written decision, the ALJ determined that Evans was not disabled under the Act, finding at Step Five of the sequential evaluation process that he was able to perform work that exists in substantial numbers in the national economy.  (Tr. 17-26).  Evans appealed the

adverse decision to the Appeals Council. Nonetheless, on September 24, 2008, the Appeals Council denied Evans' request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 4-6).

On November 12, 2009, Evans sought review before this court. He alleges the following errors:

(1) the ALJ failed to complete a Psychiatric Review Technique Form pursuant to 20 C.F.R. § 416.920a;

(2) the ALJ's residual functional capacity assessment is not supported by substantial evidence;

(3) the ALJ failed to evaluate plaintiff's subjective complaints and credibility; and

(4) the ALJ's Step Five determination is not supported by substantial evidence.

**Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible

medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ found at Step Two of the sequential evaluation process that Evans suffers from severe impairments of Klinefelter's Syndrome, pectus excavatum, and dyslexia. (Tr. 22). The ALJ concluded, however, that the impairments were not severe enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. (Tr. 22).

**1) Psychiatric Review Technique Form**

When evaluating the severity of mental impairments, the regulations require that a

psychiatric review technique form be completed during the initial and reconsideration phases of the administrative review process. 20 C.F.R. § 1520a(e); 20 C.F.R. § 416.920a. The psychiatric review technique rates the degree of functional limitation in four broad areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. §§ 1520a(c), 920a(c). The ALJ must incorporate the pertinent findings and conclusions of the psychiatric review technique into his decision. *Id*. In the Fifth Circuit, however, an ALJ's failure to complete a psychiatric review technique form is a procedural error that does not require remand, provided the error has not affected a party's substantial rights. *McGehee v. Chater*, 1996 WL 197435, *3 (5th Cir. Mar. 21, 1996) (unpubl.) (citing, *Maya v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1984)).

Plaintiff contends that the ALJ failed to apply the psychiatric review technique to his dyslexia impairment which the ALJ recognized as a severe impairment. However, one of the principal purposes of the psychiatric review technique is to evaluate mental impairments to determine whether they are, in fact, severe. Here, of course, the ALJ determined that plaintiff's dyslexia constituted a severe impairment.

The other principal purpose of the psychiatric review technique is to assist the ALJ in determining whether a severe mental impairment meets or equals a listing. Evans, however, does not contend, nor set forth evidence to establish that his mental impairment(s) meets or equals a listing. Accordingly, plaintiff has not demonstrated that his "substantial rights" were affected by the ALJ's failure to complete a psychiatric review technique form. *Compare Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). In any event, as this matter is being reversed on other grounds, *see* discussion *infra*, plaintiff may petition the ALJ to apply the psychiatric review technique upon remand.

**2) Residual Functional Capacity**

The ALJ determined that Evans retains the residual functional capacity for light work, reduced by the ability to only frequently climb, balance, kneel, crouch, and crawl. (Tr. 23).[1] Evans also experiences moderate limitations in his ability to: understand, remember, and carry out detailed instructions; maintain attention and concentration; interact appropriately with the public and co-workers; and to set realistic goals independently. *Id*. The ALJ defined moderate limitations in mental abilities as, "moderate limitations, but with the ability to perform the task satisfactorily." *Id*.

Plaintiff challenges the sufficiency of the ALJ's residual functional capacity on the basis that it is not supported by the medical evidence. Indeed, the ALJ effectively rejected the relatively benign findings of the consultative physician, David Hebert, M.D., whose report represents the sole attempt by a physician to assess the effects of plaintiff's impairments during the relevant period. (*See* Tr. 24, 148-151). Having discounted Hebert's assessment, the record otherwise remains devoid of a medical opinion regarding plaintiff's physical and mental capacity for work despite his impairments. Although plaintiff's testimony provides some support for

---

[1] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

portions of the ALJ's residual functional capacity assessment, and in fact supports an exertional capacity for at least sedentary work,[2] there is no record evidence to support *inter alia* the ALJ's finding that Evans can stand, walk, and/or sit for a total of six hours in an eight hour day as required to perform light or sedentary work. *See* SSR 83-10 (describing requirements of light work); SSR-96-9p (sedentary work).[3] Thus, while the ALJ could have obtained support for his residual functional capacity assessment directly from plaintiff and/or his mother by eliciting pertinent testimony, his questioning at the hearing encompass all of the relevant exertional and non-exertional functions.

Furthermore, the ALJ does not identify his source for finding that the limitations posed by Evans' mental impairment are no more than "moderate." Particularly troublesome is that in the narrative portion of his decision, the ALJ stated that Evans "has shown insecurity related to these disorders, and has been socially isolated in home-schooling. He has demonstrated a **limited ability to interact with others, except on a one-on-one basis**." (Tr. 24) (emphasis added). As noted by plaintiff, the ALJ's observation that Evans has a significantly limited ability to interact with others, appears inconsistent with his ultimate finding that Evans has but a moderate limitation in this area (i.e., the ability to satisfactorily perform the task). The ALJ does not explain this dichotomy.[4]

---

[2] If the Commissioner determines that a claimant can perform light work, then he also determines that the claimant can perform sedentary work. 20 C.F.R. §§ 404.1567(b), 416.967(b). Plaintiff's mother indicated that Evans was capable of sedentary work. (Tr. 175-176).

[3] Plaintiff testified that he can stand in one spot for less than 30 minutes. (Tr. 170). Although plaintiff acknowledged that he can sit "okay," for a period of time, he did not indicate how long he could sit during an eight hour period. *Id*. Evans further testified that he can lift 25 pounds without difficulty. *Id*.

[4] This inconsistency is potentially material because the vocational expert testified at the hearing that if a hypothetical claimant suffered a marked limitation in his ability to deal with co-

In sum, in the absence of any valid medical assessment or other corroborating evidence to support the ALJ's residual functional capacity determination, the court is constrained to find that the ALJ's assessment is not supported by substantial evidence. *See, Ripley v. Chater* 67 F.3d 552, 557 -558 (5th Cir. 1995) (substantial evidence lacking where: no medical assessment of claimant's residual functional capacity, and claimant's testimony was inconsistent with ALJ's assessment); *Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004) (unpubl.) (in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence).

Because the foundation for the Commissioner's Step Five determination was premised upon a residual functional capacity which is not supported by substantial evidence, the court further finds that the Commissioner's ultimate conclusion that plaintiff is not disabled, is also not supported by substantial evidence.[5]

For the above-stated reasons,

**IT IS RECOMMENDED** that the matter be **REVERSED and REMANDED** for further proceedings consistent herein.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

---

workers then he would not be able to perform "even the simplest level of unskilled work at any strength level." (Tr. 183).

[5] The court need not reach plaintiff's remaining assignments of error. These additional issues may be addressed and/or obviated upon remand.

filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 17th day of November 2009.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE